UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| MARIO WHITAKER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CV416-328 |
| NO NAMED RESPONDENT, | ) | |

# ORDER

Mario Whitaker has filed a self-styled "Petition for Certificate of Appealability," alleging that this Court "rejected many of [his] claims on a procedural ground"[1] in "direct[ ] conflict[ ] with a subsequent Ninth Circuit opinion." Doc. 1 at 1 (citing *United States v. Astrar*, 116 F.3d 1268 (9th Cir. 1997)).

The federal courts have long made available to jails and prisons specific forms for filing habeas and civil rights cases. In *Williams v. Freesemann*, 2015 WL 6798946 (S.D. Ga. Oct. 15, 2015), this Court noted that some inmate-litigants bypass those forms in favor of "home-brewed" filings. Adverse factors can motivate that effort. The Court's

---

[1] A Pacer search of the federal dockets in Georgia, however, reveals no initial habeas petition, much less one dismissed by this Court on procedural grounds.

forms force inmates to answer questions aimed at capturing things like 28 U.S.C. § 1915(g) strikes and repeat (*e.g.*, successive writ) habeas filings. *See, e.g., Bright v. Corizon Health Corp.*, 2015 WL 9257155 at * 1 (S.D. Ga. Dec. 18, 2015) ("Bright's incentive to omit his prior case information is strong because of the § 1915(g) three-strike bar."). "Home-brewers" typically omit those prophylactic questions from their filings.

The Clerk is therefore **DIRECTED** to send Whitaker a § 2254 form petition. Within 30 days after the Clerk serves him with a copy of this Order and the form petition, petitioner must re-file both the petition and any supporting memorandum of law explaining his entitlement to habeas relief. If he fails to respond within 30 days of service of this Order, the case will be recommended for dismissal on abandonment grounds.

**SO ORDERED,** this __4th__ day of January, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

2